# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| WILLIAM HAMAN, | * |
| Claimant, | * |
| v. | * CASE NO. 6:06-cv-63 (WLS) |
| | * Social Security Appeal |
| SOCIAL SECURITY ADMINISTRATION, *et al.*, | * |
| Respondents. | * |

## **RECOMMENDATION OF DISMISSAL**

Before the court is the Commissioner's Motion to Dismiss for failure to exhaust available administrative remedies filed on March 5, 2007. Claimant filed a response to the motion on April 18, 2007. The facts reveal that the Claimant was receiving supplemental security income. In May of 2006, the Social Security Administration (SSA) received an IRS interest income alert, which alerted the SSA that Claimant may have exceeded the resource limit which he must maintain in order to keep receiving SSI benefits. *See* 42 U.S.C. § 1382 (an individual is not entitled to SSI benefits if his resources exceed $2000). Thereafter, Claimant was notified that his SSI benefits would cease for the stated reason, and he was notified of his right to request reconsideration of the decision. (R-24, Ex. 1). Claimant thereafter filed a request for reconsideration, which ultimately affirmed the initial findings. *Id*. There is no indication that the Claimant appealed the decision. On November 2, 2006, the Claimant filed the above-styled case. On March 13, 2007, Claimant's Complaint was dismissed with leave

to amend by filing a proper complaint with the court. On March 20, 2007, Claimant filed his Amended Complaint.

The first issue which must be addressed is whether this Court has subject matter jurisdiction to review the claim. Subject matter jurisdiction for judicial review on claims arising under the Social Security Act (Act) is provided for and limited by 42 U.S.C. § 405(g) and (h); 42 U.S.C. § 1383(c)(1). Under the Act, a court may only review a "final decision of the Secretary made after a hearing to which [the claimant] was a party." *Id.* In order to obtain a "final decision," Claimant must follow the administrative procedures prescribed by the Secretary. If a claimant does not exhaust these procedures, the claimant may obtain judicial review if he raises a constitutional claim. According to the United States Supreme Court "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore access to courts is essential to the decision of such questions. . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing' evidence." *Califano v. Sanders*, 430 U.S. 104, 109, 97 S. Ct. 980, 986 (1977). Claimant, however, has not argued that the termination of his benefits violated his constitutional rights, and, as such, judicial review at this juncture is not warranted.

What is clear is that Claimant has not received a final judgment from the SSA. Because there has been no final judgment by the Commissioner, therefore, the Claimant has not exhausted his administrative remedies, a requirement to bringing this action in the United

2

States District Court.

WHEREFORE, it is hereby recommended that Respondents' Motion to Dismiss be **GRANTED** and this case be **DISMISSED** without prejudice for the Claimant's failure to exhaust his administrative remedies. The Claimant may re-file his claim once the Commissioner has made a final decision in the matter.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED** this 10th Day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw